IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| E'ANDRE MOTT | § | |
| VS. | § | CIVIL ACTION NO.   1:22-CV-608 |
| SHERIFF, JEFFERSON COUNTY | § | |

REPORT AND RECOMMENDATION
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Petitioner E'Andre Mott, a pre-trial detainee confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>The Petition</u>

Petitioner filed this Petition while he was a pre-trial detainee charged with felony offenses in cause numbers 21-38241 and 21-38242.  Petitioner raises three grounds for review.  First, Petitioner contends that the trial court erred by denying his request for hybrid representation and by refusing to rule on *pro se* motions filed by Petitioner while he was represented by counsel.  Next, Petitioner contends that the trial court erred by denying him release pending trial, in violation of state law and his constitutional right to due process.  Finally, Petitioner contends that he was denied due process when the trial court delayed hearings and denied his discovery requests.  After the Petition was filed, Petitioner was convicted of both offenses and then transferred to the custody of the Texas Department of Criminal Justice, Correctional Institutions Division.

Discussion

The district court has authority to grant a writ of habeas corpus if the prisoner is in custody under the authority of the United States or if he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(1),(3). Although the statute does not explicitly require prisoners to exhaust available remedies before bringing a § 2241 petition, the Fifth Circuit has held that prisoners must exhaust available remedies before seeking habeas relief under the statute. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement furthers the principle of comity by allowing the state courts the first opportunity to determine whether the petitioner's constitutional rights have been violated. *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).

To comply with the exhaustion requirement, Petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner must also present his claims to the state courts in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346 (1989) (raising the claim in a procedurally incorrect manner does not constitute "fair presentation."). Article 11.08 of the Texas Code of Criminal Procedure provides individuals who have been charged with a felony offense with an avenue to challenge the criminal proceedings. Article 11.07 provides an avenue for state habeas relief following a final conviction.

In this case, Petitioner did not pursue habeas relief by filing an 11.08 application in the state court prior to his conviction. Instead, Petitioner filed multiple complaints against the state court judge with the Commission of Judicial Conduct, the Federal Bureau of Investigation, the Texas Rangers, the Attorney General, and the State Bar of Texas. These complaints are not the proper method of pursing pre-trial habeas relief in the state courts. Thus, the claims raised in this Petition

2

were unexhausted when the Petition was filed. Further, Petitioner's recent convictions have opened other state court avenues for litigating his claims, including a direct appeal or an 11.07 application. In a recent filing, Petitioner states that his direct appeal has been filed. (Doc. #12 at 3.) Comity dictates that the state courts be allowed to review Petitioner's claims, now that there are additional remedies available to him. Therefore, this Petition should be dismissed without prejudice to Petitioner's ability to pursue federal habeas relief after he has exhausted state court remedies.

<u>Recommendation</u>

This Petition for Writ of Habeas Corpus should be dismissed without prejudice.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of November, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3